NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1592
_____

ALEX H. PIERRE,
                    Appellant

v.

SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-05327)
Honorable Joel H. Slomsky, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 22, 2018

BEFORE:  KRAUSE, COWEN, and FUENTES, Circuit Judges

(Filed: March 8, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Alex H. Pierre appeals from the order of the United States District Court for the Eastern District of Pennsylvania denying his "Motion for Recusal and Amendment of Complaint." We will affirm.

I.

Acting *pro se*, Pierre, an attorney who was suspended from the practice of law by the Supreme Court of Pennsylvania, brought this action against the state supreme court and sought leave to proceed *in forma pauperis*. According to Pierre, he could not be reinstated until he repaid in full (with interest) a disbursement made by the Pennsylvania Lawyers Fund for Client Security to his former client. He was unable to do so. Meanwhile, he initiated a civil action against his landlord in the Philadelphia Court of Common Pleas, which granted judgment on the pleadings against Pierre. Concluding that the state trial court committed an abuse of discretion, the Pennsylvania Superior Court reversed. The state suit proceeded to trial, where a jury eventually rendered a verdict against Pierre. According to Pierre:

> A myriad of irregularities appeared at trial, with the trial court having *ex parte* communications in the removal of two jurors, ignoring case law cited for the proposition [that] replacement value is the measure of damages for items unlawfully discarded by a landlord after eviction and the awardability of punitive damages therefor, disregarding [an] unambiguous attorney admission [that] she was no agent of the landlord for purposes of tortious interference, twice instructing the jury not to award compensatory damages for the discarded goods, the jury having returned with a question on awarding damages for the quantity of items unlawfully trashed, as well as denying [a] post-trial motion for judgment as a matter of law despite the absence of fact questions and [a] new trial despite controlling Pennsylvania Supreme Court law demanding [the] same for improper juror removals.

2

(Appellant's Brief at 4-5 (citing Complaint at ¶¶ 24-27 (ECF No. 6)).) The Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied Pierre's petition for allowance of appeal.

On January 3, 2018, the District Court granted Pierre leave to proceed *in forma pauperis*. However, it dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for frivolousness and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The District Court Clerk was directed to close the case. According to the District Court, Pierre's 42 U.S.C. § 1983 claims that the Supreme Court of Pennsylvania violated his constitutional rights under the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment were legally baseless on account of the Eleventh Amendment and because a state is not considered a person for purposes of § 1983. It also rejected his breach of contract claims on the grounds that a judicial administration rule set forth in Pennsylvania's Administrative Code did not constitute a contract.

Pierre responded to the District Court's dismissal of his complaint by filing a series of unsuccessful reconsideration motions through which Pierre also sought to amend his federal complaint. On January 19, 2018, the District Court denied Pierre's first motion for reconsideration. Considering the amended complaint he sought to file with this motion, it determined that amendment would be futile, explaining, inter alia, that it lacked jurisdiction under the Rooker-Feldman doctrine to the extent Pierre challenged and sought review of the state courts' judgments and that the Pennsylvania Supreme Court Prothonotary was entitled to quasi-judicial immunity. On January 31,

3

2018, the District Court denied his "Motion for Reconsideration and Amendment of Complaint Redux." In this motion, Pierre again attempted to file an amended complaint, only this time he sought to raise claims against the Supreme Court of Pennsylvania pursuant to Title VI of the Civil Rights Act of 1964. The District Court concluded that the proposed amendment would be futile. "Although Mr. Pierre alleges that he is of African-American descent, the facts alleged in his proposed amended complaint do not provide a plausible basis for concluding that he was intentionally discriminated against based on his race." (January 31, 2018 Order at 2 n.1 (ECF No. 10).) Finally, Pierre filed a "Motion for Recusal and Amendment of Complaint," which was denied on February 16, 2018. According to the District Court, disagreement with a judge's rulings did not furnish a sufficient basis for recusal, Pierre failed to show any basis for reconsideration, and nothing in his motion altered the District Court's conclusion that the facts alleged in his proposed amended complaint did not plausibly establish intentional discrimination on the basis of race.

## II.

According to Pierre, the District Court abused its "discretion by treating an indigent litigant differently in denying him meaningful access to the federal courts with dismissal of the complaint where amendment could cure."[1] (Appellant's Brief at 5.) He contends that futility could not justify the District Court's denial of leave to amend because it acknowledged that a claim may be asserted under Title VI and that the District

---

[1] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

Court failed to undertake the proper three-step plausibility analysis under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See, e.g., Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (explaining that courts must take note of legal elements, then identify allegations that are not entitled to assumption of truth because they are no more than conclusions, and finally determine whether remaining well-pleaded factual allegations plausibly give rise to entitlement to relief). Purportedly, Pierre alleged "the deliberate attempt on the part of the State courts under the totality of circumstances to keep one black attorney off its rolls." (Appellant's Brief at 10.)

We conclude that the District Court applied the appropriate legal standards in this pro se *in forma pauperis* proceeding. In particular, it properly disposed of Pierre's Title VI allegations, which were proffered for the first time as part of his second motion for reconsideration. In its initial ruling dismissing his complaint, the District Court recognized that. "[t]o survive dismissal for failure to state a claim, the complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Pierre v. Supreme Court of Pa., No. 17-5327, 2018 WL 283248, at *1 (E.D. Pa. Jan. 3, 2018) (quoting Iqbal, 556 U.S. at 678). "'[M]ere conclusory statements[ ] do not suffice.'" Id. (quoting Iqbal, 556 U.S. at 678). Subsequently, it properly considered whether Pierre's proposed amendments would be futile. See, e.g., In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 280 (3d Cir. 2004). "His proposed amended complaint is based on essentially the same facts alleged in his prior pleadings except he now seeks to raise claims against the Supreme Court of Pennsylvania pursuant

5

to Title VI, which prohibits intentional race discrimination in any program that receives federal funding." (January 31, 2018 Order at 2 n.1 (citing 42 U.S.C. § 2000d; <u>Alexander v. Sandoval</u>, 532 U.S. 275, 282-83 (2001)).) We agree that the proposed pleading failed to raise "a reasonable inference that discovery will reveal evidence of the elements necessary to establish" intentional discrimination by the Supreme Court of Pennsylvania based on race. <u>Connelly</u>, 809 F.3d at 793. The proffered complaint did not allege that Pierre ever notified the state appellate courts that he was the victim of racial bias on the part of the state trial court in the landlord-tenant dispute, point to any specific expressions of racial animus, or provide any intimation of disparate treatment of litigants because of their race.[2] <u>See, e.g.</u>, <u>Blunt v. Lower Merion Sch. Dist.</u>, 767 F.3d 247, 272-73 (3d Cir. 2014) (recognizing that plaintiffs may establish intentional discrimination under Title VI with showing of deliberate indifference but explaining that deliberate indifference requires actual as opposed to constructive knowledge).

## III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] We note that the proposed amended complaint alleged that the disciplinary rule requiring payments of fund obligations before reinstatement (with interest) is discriminatory in application because it prejudices minority attorneys who make up a disproportionate percentage of less well-heeled attorneys. However, Pierre does not mention this cursory allegation in his appellate brief.